## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**RONDA WOLFF**                                                          **PLAINTIFF**

**VS.**                              **No. 3:20-cv-00132 PSH**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                              **DEFENDANT**

## ORDER

Plaintiff Ronda Wolff ("Wolff") correctly argues that the Administrative Law Judge ("ALJ") erred in her treatment of the medical opinion evidence in this Social Security case. As a result, the case will be remanded for further proceedings.

A final decision was rendered by the Commissioner of the Social Security Administration (defendant "Kijakazi") denying Wolff Disability Insurance benefits ("DIB"). The parties have ably summarized the testimony given at the administrative hearing conducted on May 2, 2019. (Tr. 33-52). The relevant period under consideration is from February 26, 2014, the alleged onset date, through September 30, 2017, the date last insured.

1

*ALJ Error – Medical Opinion Evidence*

In her June 17, 2019, decision, the ALJ discussed the medical evidence and addressed the medical opinions offered by the state agency consultants and consultative examiner Dr. Rodger Troxel ("Troxel").  The ALJ also considered an opinion from APRN Abbey Taber ("Taber") which listed the time period of Wolff's limitations as May 2018 to May 2019.  Troxel's opinion that Wolff had a moderately decreased ability to walk, stand, lift, and carry was  persuasive and consistent with light work, according to the ALJ.  The state agency consultants' opinion that Wolff could perform light work with postural and environmental limitations was also deemed persuasive by the ALJ.  Taber's opinion of Wolff's abilities was unpersuasive to the ALJ because she found "it provides limitations for a time outside of the period at issue."  (Tr. 23).  The ALJ concluded Wolff was capable of performing her past relevant work as a hospital admitting clerk.  Additionally, the ALJ found Wolff could perform other jobs, such as office helper and sales attendant.  Based on these findings, it follows that the ALJ ruled Wolff was not disabled.  (Tr. 15-26).

The regulations governing the consideration of the medical opinions were revised for claims filed on or after March 27, 2017.  Wolff filed her claim on November 21, 2017.   The new regulations eliminated the "long-standing 'treating physician' rule." *See Fatuma A. v. Saul*, 2021 WL 616522, 5 (D. Minn. 2021), report

and recommendation adopted, 2021 WL 615414 (D. Minn. 2021). The regulations

now provide the following:

> ... Under the new regulatory scheme, the Commissioner "will not defer
> or give any specific weight, including controlling weight, to any medical
> opinion(s)," including those from treating physicians. 20 C.F.R.
> 404.1520c(a). Instead, ALJs will determine the persuasiveness of each
> medical source or prior administrative medical findings based on
> supportability; consistency; relationship with the claimant;
> specialization; and any other factor that tends to support or contradict a
> medical opinion. 20 C.F.R. 404.1520c(a), (c). ALJs are required to
> "explain" their decisions as to the two most important
> factors—supportability and consistency. 20 C.F.R. 404.1520c(b)(2). The
> "more relevant the objective medical evidence and supporting
> explanations presented" and the "more consistent" a medical opinion is
> with evidence from other medical and non-medical sources, the more
> persuasive the opinion should be. 20 C.F.R. 404.1520c(c)(1)-(2).
>      The new articulation requirements are meant to "provide individuals
> with a better understanding of [the Commissioner's] determinations and
> decisions" and "provide sufficient rationale for a reviewing adjudicator
> or court." Revisions to Rules Regarding the Evaluation of Medical
> Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017). ...

*See Phillips v. Saul*, 2020 WL 3451519, 2 (E.D. Ark. 2020) (Deere, MJ).

The new regulations require the ALJ to discuss, at a minimum, the

supportability and consistency of a medical opinion. The ALJ discussed the medical

opinions of the state agency consultants, of Troxel, and one opinion of Taber. *Taber,*

*however, offered her medical opinion on more than one occasion.* The opinion cited

by the ALJ was rendered outside the relevant period for disability purposes. (Tr. 965-

969). Taber offered another opinion on November 4, 2016, during the relevant period.

(Tr. 971-974).  In this thorough, non-checklist document, Taber reviews Wolff's treatment history, her abilities, and her impairments.  Taber concludes by opining Wolff "will be unable to recommence any type of advantageous employment."  (Tr. 974).

Kijakazi, acknowledging the ALJ did not articulate how she considered Taber's 2016 opinion, urges the ALJ was under no obligation to address the opinion because the ALJ's decision stated "the undersigned did not address evidence that was neither inherently valuable nor persuasive in accordance with 20 C.F.R. § 404.1520b(c)." (Tr. 23).  According to Kijakazi, since Taber concluded Wolff would be disabled the ALJ need not have mentioned or analyzed Taber's 2016 opinion.  This argument is without merit for several reasons.

First, Kijakazi cites no authority for an ALJ to omit discussion of a relevant medical opinion.  The Court knows of no such authority, and the new regulations require the ALJ to address medical opinion evidence in a certain fashion.

Second, Kijakazi mischaracterizes Taber's 2016 opinion as only a "conclusive statement on whether Plaintiff was able to work – a determination that is expressly reserved to the Commissioner."  Docket entry no. 17, page 10.  The 2016 opinion is a four-page, detailed analysis from Taber.  While she offers her opinion on Wolff's disability, this conclusion was a minute part of Taber's opinion.

4

Third, the primary purpose of the new regulations regarding medical opinion evidence is to "provide individuals with a better understanding of [the Commissioner's] determinations and decisions" and "provide sufficient rationale for a reviewing adjudicator or court." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017).   The new regulations are thwarted when an ALJ makes no mention of medical opinion evidence rendered during the relevant period.  The parties are not granted a better understanding of the ALJ's decision, and the parties are left to speculate about the ALJ's rationale for her ruling.

Finally, the Court views Kijakazi's argument as circular.  Under her theory, the ALJ can omit discussion of an opinion if the opinion was neither inherently valuable nor persuasive.  And the fact that the ALJ failed to mention the opinion, under this theory, proves that the opinion was neither inherently valuable nor persuasive.  This approach  assumes too much.

Alternatively, Kijakazi contends any error regarding Taber's 2016 was harmless because substantial evidence shows Wolff was not as limited as Taber opined.  The flaw with this argument is the assumption that an ALJ may sidestep addressing medical opinion evidence based on the strength of the other evidence.  The regulations make no exception on this basis.

5

The ALJ's failure to mention and analyze the supportability and consistency of Taber's 2016 opinion is error, and the case must be remanded.  The ALJ must explicitly address the medical opinions rendered in the case, applying the appropriate regulations in assessing this opinion.  If the ALJ finds Taber's 2016 opinion unpersuasive, the ALJ shall explain why, fully addressing the supportability and consistency factors, as well as any other relevant factors.

The Commissioner's final decision is reversed, and the case is remanded.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 3rd day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE